# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY REID,<br><br>                   Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS; CALIPATRIA STATE PRISON,<br><br>                   Defendants. | Civil No.   10cv1356 BTM (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

      Roy Reid, a former state inmate, initially filed a civil action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On June 25, 2010, Magistrate Judge Kimberly Mueller issued an Order transferring the matter to the Southern District of California. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.    Motion to Proceed IFP**

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee
2  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*
3  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Because it appears that Plaintiff was
4  not incarcerated at the time he filed this action, he is not subject to the filing fee garnishment
5  found in 28 U.S.C. § 1915(b)(2).

6  Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any
7  other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient
8  to show that Plaintiff is unable to pay the fees or post securities required to maintain this action,
9  and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc.
10 No. 2].

11 **II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

12 Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the
13 Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon
14 which relief may be granted, or seek monetary relief from a defendant immune from such relief."
15 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)
16 (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

17 Plaintiff's only allegations in his Complaint consist of allegations that he suffered a fall
18 on November 4, 2009 as a result of a wet floor. (*See* Compl. at 3.) Presumably, this injury
19 occurred while he was housed at Calipatria State Prison but there are no other facts supporting
20 Plaintiff's claims. Thus, the Court liberally construes this as an Eighth Amendment claim.

21 The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a
22 duty on prison officials to provide humane conditions of confinement and to take reasonable
23 measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33
24 (1993). However, every injury suffered by an inmate does not necessarily translate into
25 constitutional liability for prison officials. *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.
26 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does
27 not mandate comfortable prisons.").

28

Here, Plaintiff's allegations fail to state an Eighth Amendment claim because they do not rise to the level of a serious safety hazard. *See Osolinski*, 92 F.3d at 939 (finding that prisoner's injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition); *see also Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment). As currently pleaded, the Court finds that Plaintiff alleges no facts which are sufficient to show that the conditions of confinement were objectively and demonstrably unsafe, and further fails to allege facts that any individual correctional officers were actually aware and consciously disregarded the risk posed. *See Helling*, 509 U.S. at 36 (exposure to demonstrably unsafe conditions may violate the Eighth Amendment if the inmate can show that the risk he faced was "so grave that it violates contemporary standards of decency").

Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

In addition, Plaintiff names only the California Department of Corrections and Rehabilitation ("CDCR") and Calipatria State Prison as Defendants in this matter. The State of California, and the California Department of Corrections and Rehabilitation, as an agency of the State of California, are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). In order to state a claim under § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

Therefore, Plaintiff's claims for monetary damages against the California Department of Corrections and Rehabilitation and Calipatria State Prison are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2-1] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2. The claims against the California Department of Corrections and Rehabilitation and Calipatria State Prison are dismissed with prejudice for seeking monetary damages against immune Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The remaining claims are dismissed for failing to state a claim upon which relief may be granted.

3. Plaintiff is granted sixty (60) days from the date this Order is "Filed" in which to file an amended complaint. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: July 6, 2010

Honorable Barry Ted Moskowitz
United States District Judge